Driskell v. Flint, 181 Ill. App. 137.

---

## George Driskell, Appellee, v. W. A. Flint, Appellant.

1. Evidence—*where statements made by payee of note are inadmissible.* In an action by an indorsee against the maker of a note, testimony that the payee had the notes in his possession and collected

interest from defendant after maturity and made statements to defendant that he was still the owner of the note and that it was held by plaintiff as collateral security is inadmissible where defendant can offer no proof that the payee had possession of the notes except the statements which he seeks to introduce in evidence.

2.  EVIDENCE—*what is necessary before statements of payee as to ownership of note are admissible.* In an action on a note by an indorsee against the maker, statements of the payee after maturity that he was the owner of the note are inadmissible where there is no proof that payee had possession of them or that the statements were made in the presence of plaintiff.

Appeal from the Circuit Court of Vermilion county; the HON. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

C. M. BRIGGS and JAY BRIGGS, for appellant.

TILTON & TAYLOR, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Defendant, W. A. Flint, together with other parties, executed his promissory note of which he was the principal maker, dated March 1, 1903, for the principal sum of $1,500, due twelve months after date, payable to one Sol Mercer, with interest at the rate of seven per cent, if not paid when due. This note bears the following indorsement: "March 16, 1903. Pay the within to George Driskell. Sol Mercer.

"Paid interest April 13, 1908, $200.

"Paid interest April 23, 1908, $200."

Defendants filed special pleas to the declaration which were in substance that plaintiff was not the owner of the note; that plaintiff did not receive the note in due course and was not an innocent holder thereof; that the note was assigned to plaintiff after maturity. Additional pleas of set-off were filed, claiming set-off as against Sol Mercer, the original payee. Upon the trial plaintiff obtained a verdict for the

amount due, principal and interest on his. note.   A motion for a new trial was denied, and judgment rendered on the verdict, from which judgment defendant appeals.

The testimony of the defendant is that on the 7th day of November, 1904, he paid to Sol Mercer, the original payee of this note, interest to the amount of $105; that this payment was made at the office of the defendant in Hoopeston, Illinois; that at that time Sol Mercer, the original payee, was in his office and had the note with him; that the note was exhibited to the defendant and was in the possession of Sol Mercer at the time of that payment.

Sol Mercer did not testify in this case.  If those facts are true, then Sol Mercer, the original payee of this note, had it in his possession about nine months after its maturity and received this payment of interest thereon.

Following this testimony of the defendant, the defendant then offered to prove that after Sol Mercer had so had this note in his possession and received the payment of interest thereon, he had made numerous statements and declarations to the defendant that he was still the owner of the note and that the note was held by plaintiff as collateral security, but at the time these various statements and declarations were made, defendant could offer no proof of possession of the note at these various times aside from the statements made by Mercer.

The court refused to admit these statements and declarations of Mercer on objection of plaintiff and held that before defendant was entitled to such declarations and statements made by Mercer, it was incumbent on him to show when the declarations and statements were made by Mercer he then had the possession of the note or that the declarations and statements were made in the presence of the plaintiff.  Defendant could not make the proof required by the court in

order to admit the statements and declarations of Mercer, but insisted that having shown by competent testimony that about nine months after the maturity of the note Sol Mercer had the possession of this note and received interest thereon, that this was sufficient to permit him to show any statements made thereafter by Sol Mercer concerning the ownership and possession of this note whether made in the presence of the plaintiff or not and whether or not Mercer at the time of these statements and declarations actually had the possession of the note.

After testifying that Sol Mercer had this note in his possession on the 7th day of November, 1904, at the time he made payment of interest thereon of $105, the court permitted defendant to offer evidence under his pleas of set-off as to whether or not Sol Mercer was indebted to the defendant at that time. The evidence of the defendant that Sol Mercer had in his possession this note about the 7th of November, 1904, at the time of the $105 interest payment was made is denied by the plaintiff who testified that the note was assigned to him on the 16th day of March, 1903, the date of the indorsement thereon by Sol Mercer and the consideration of the assignment was a preexisting indebtedness owed by Mercer to the plaintiff of the amount of this note, and that at no time after that date did Sol Mercer ever have the possession of or ever have any right to the possession of this note.

While other errors are assigned on this record relating to the admission of evidence and to the instructions given by the court, from an examination of the record we are satisfied that if the trial court was correct in sustaining the objection to the offer of the evidence of defendant concerning the statements and declarations of Mercer, then there is no error in this record, and the only question that it is necessary for us to determine is the ruling of the court upon this evidence.

From an examination of the authorities we are satisfied that the trial court committed no error in sustaining the objections to the offers of proof made by defendant which were not admitted in evidence, it being admitted by defendant's counsel at the time of the offer of this evidence that he could not show that at the time of the declarations, statements and admissions which he offered were made that Sol Mercer then had the note in his possession, or was the owner thereof further than had been shown at that time, but he relied upon the showing made that Mercer had the note in his possession on the 7th of November, 1904, insisted that by showing this fact it was a sufficient showing on the part of the defendant to entitle him to submit to the jury the question whether or not the note was assigned before maturity, and that if it was a fact that Mercer had the note with him November 7, 1911, which at that time was uncontradicted in the record, that he was entitled by reason thereof to show any subsequent statements or admissions made by Mercer.

Such statements and admissions must be held to be statements and declarations of one not a party to this action, and under the general rule of evidence that such statements and declarations are not admissible unless made at a time when Mercer had possession of the note or were made in the presence of plaintiff, the objection thereto was properly sustained. While under the authorities cited by defendant, the rule is laid down that declarations made by the holder of a note after maturity while he has the possession of the note are admissible as against a subsequent indorsee, after maturity, they do not go to the extent contended for by counsel for defendant that any statements made after maturity are competent without showing that at the time of the statement offered the party making the statements then had the possession of the note, or that the statements were in the presence of the plaintiff.

We are of the opinion that the trial court properly sustained the objections to the testimony offered, and that there is no reversible error in this record.

The judgment is, therefore, affirmed.

*Affirmed.*